1  SEYFARTH SHAW LLP
   G. Daniel Newland (SBN 87965)
2  dnewland@seyfarth.com
   560 Mission Street, 31st Floor
3  San Francisco, California 94105
   Telephone:    (415) 397-2823
4  Facsimile:    (415) 397-8549

5  SEYFARTH SHAW LLP
   Sophia S. Kwan (SBN 257666)
6  skwan@seyfarth.com
   400 Capitol Mall, Suite 2350
7  Sacramento, California 95814-4428
   Telephone:    (916) 448-0159
8  Facsimile:    (916) 558-4839

9  Attorneys for Defendant
   MARY ANN'S BAKING CO.,
10 INC.

11

12              UNITED STATES DISTRICT COURT

13              EASTERN DISTRICT OF CALIFORNIA

14

| | |
|---|---|
| SILVIA MADRIGAL VARGAS, an individually and on behalf of all other similarly situated employees, | Case No. |
| | **DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT** |
| Plaintiff, | |
| v. | |
| MARY ANN'S BAKING CO., INC., a California Corporation; and DOES 1 to 100, inclusive, | [Sacramento Superior Court, Case No. 34-2021-00292191] |
| Defendants. | Complaint Filed:   January 11, 2021 |

DEFENDANT'S NOTICE OF REMOVAL

67758933v.1

**TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HER ATTORNEY OF RECORD:**

PLEASE TAKE NOTICE that Defendant Mary Ann's Baking Co., Inc., ("Defendant") hereby removes the above-referenced action filed by Plaintiff Silvia Vargas ("Plaintiff") in Sacramento Superior Court of the State of California to the United States District Court for the Eastern District of California pursuant to 28 U.S.C. §§ 1441 and 1446, asserting original federal jurisdiction under 28 U.S.C. § 1331, and removal is proper for the following reasons:

### I. BACKGROUND

1. On January 11, 2021, Plaintiff filed a Complaint in Sacramento County Superior Court of the State of California titled *SILVIA MADRIGAL VARGAS, an individually and on behalf of all other similarly situated employees, v. MARY ANN'S BAKING CO., INC., a California Corporation; and DOES 1 to 100, inclusive, Defendants*, Case No. 34-2021-00292191 (the "Complaint").

2. The Complaint alleged causes of action for: (1) failure to pay overtime wages; (2) failure to pay minimum wages; (3) meal period violations; (4) rest period violations; (5) wage statement violations; (6) waiting time penalties; (7) failure to reimburse expenses; and (8) unfair competition under the Business and Professions Code, sections 17200 *et seq.* The first through seven causes of action are brought under the California Labor Code. The Eighth Cause of Action is premised on, *inter alia*, the emergency sick benefits under the federal Families First Coronavirus Response Act ("FFCRA") and the Fair Labor Standard Act, 29 U.S.C. section 206.

### II. PROCEEDINGS IN STATE COURT

3. On January 20, 2021, Plaintiff sent Defendant a Notice and Acknowledgment of Receipt of the Civil Case Cover Sheet, Summons, Complaint, and Alternative Dispute Resolution Information Packet. Defendant returned the Notice and Acknowledgment of Receipt of the Summons and Complaint on February 9, 2021. A true and correct copy of the Notice and Acknowledgment of Receipt, the Civil Case Cover Sheet, Summons, Complaint, and ADR Information Packet is attached hereto as **Exhibit A**. A true and correct copy of Defendant's return of the Notice and Acknowledgment of Receipt is attached hereto as **Exhibit B**.

4. On February 11, 2021, Plaintiff served on Defendant a Notice of Case Management Conference and Complex Case Management Procedures, and a Notice and Order of Complex Case Determination. A true and correct copy of the Notice of Case Management Conference and Complex Case Management Procedures and Notice and Order of Complex Case Determination is attached hereto as **Exhibit C**.

5. On February 18, 2021, Defendant filed an Answer to Plaintiff's Complaint in Sacramento County Superior Court. A true and correct copy of the Answer is attached hereto as **Exhibit D**.

6. Exhibits A-D constitute all pleadings, process, and orders served.

### III. TIMELINESS OF REMOVAL

7. This notice of removal is timely filed as it is filed less than one year from the date this action was commenced and within thirty days of service upon any Defendant. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 119 S. Ct. 1322 (1999) (thirty-day deadline to remove commences upon service of the summons and complaint); Fed. R. Civ. P. 6(a).

### IV. JURISDICTION BASED ON FEDERAL QUESTION

8. This Court has original jurisdiction over actions involving one or more federal questions. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Further, this Court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original [federal question] jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a).

9. In the Complaint, Plaintiff alleges that "Defendant also denied Plaintiff and similarly situated employees minimum wages/emergency sick leave pay by refusing to comply with the Families First Coronavirus Response Act: Emergency Paid Sick Leave Act ("EPSLA")." (Ex. A, Complaint, ¶ 18.) Plaintiff's Eighth Cause of Action for unfair competition brought under Business and Professions Code sections 17200 *et seq.* is premised, *inter alia*, on Defendant's alleged failure to pay minimum wage and emergency sick leave benefits pursuant to the federal FFCRA. Furthermore, and as the Complaint pleads, "[p]ursuant to federal law, violations of EPSLA constitute a violation of Section 6 of the Fair Labor Standard Act ("FLSA"), 29 U.S.C. § 206. *See* 29 C.F.R. § 826.150(b)(1)." (Ex. A,

Complaint, ¶ 60, footnote 1). Accordingly, the Complaint establishes that federal law creates the basis of the Eighth Cause of Action and Plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law, namely, whether Defendant violated the FFCRA Emergency Paid Sick Leave Act and the FLSA. *Franchise Tax Bd. Of State of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 27-28 (1983).

10. Because Plaintiff's Eighth Cause of Action "arises under" federal laws (FFCRA and the FLSA), this action therefore presents a federal question over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331. This Court also has supplemental jurisdiction over Plaintiff's state law claims as they relate to the federal question claim since they are premised on Plaintiff and the putative class members' employment with Defendant and Defendant's alleged non-compliance with state and federal wage and hour laws, and form part of the same case and controversy pursuant to 28 U.S.C. § 1367(a).

V. **VENUE**

11. Venue lies in the Eastern District of California pursuant to 28 U.S.C. sections 1441, 1446(a), and 84(c)(2). This action was originally brought in Sacramento County Superior Court of the State of California.  Sacramento County falls within the jurisdiction of the United States District Court, Eastern District of California.

VI. **NOTICE OF REMOVAL**

12. Pursuant to 28 U.S.C. section 1446(d), written notice of the filing of this Notice of Removal will be given promptly to Plaintiff and, together with a copy of the Notice of Removal, will be filed with the Clerk in the State Court Action. This Notice of Removal also will be served on counsel for Plaintiff, and a copy of the Proof of Service will be filed shortly after these papers are filed and served.

## VI. PRAYER FOR REMOVAL

13. WHEREFORE, Defendant prays that this civil action be removed from the Sacramento County Superior Court of the State of California to the United States District Court for the Eastern District of California

DATED: February 19 2021

Respectfully submitted,

SEYFARTH SHAW LLP

By: /s/ Sophia S. Kwan
    G. Daniel Newland
    Sophia S. Kwan

Attorneys for Defendant
MARY ANN'S BAKING CO., INC.