# EXHIBIT A

**POS-015**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* SHIMODA LAW CORP.<br>Galen T. Shimoda (SBN 226752) Justin P. Rodriguez (SBN 278275) Renald Konini<br>(SBN 312080) Brittany V. Berzin (SBN 325121) Jessica L. Hart (331441)<br>9401 E. Stockton Blvd., Suite 120<br>Elk Grove, CA 95624<br>TELEPHONE NO.: (916) 525-0716    FAX NO. *(Optional):* (916) 760-3733<br>E-MAIL ADDRESS *(Optional):* attorney@shimodalaw.com; jhart@shimodalaw.com<br>ATTORNEY FOR *(Name):* Plaintiff Silvia Madrigal Vargas | FOR COURT USE ONLY |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Sacramento
STREET ADDRESS: 720 Ninth Street
MAILING ADDRESS: 720 Ninth Street, Room 200
CITY AND ZIP CODE: Sacramento, CA 95814
BRANCH NAME: Civil Division

PLAINTIFF/PETITIONER: Silvia Madrigal Vargas

DEFENDANT/RESPONDENT: Mary Ann's Baking Co., Inc.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>34-2021-00292191 |
|---|---|

TO *(insert name of party being served):* Mary Ann's Baking Co., Inc.

---

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: January 20, 2021

Melissa A. Phillips
_____
(TYPE OR PRINT NAME)

► *Melissa A Phillips*
_____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. ☑ A copy of the summons and of the complaint.
2. ☑ Other *(specify):*

   Civil Case Cover Sheet
   ADR Packet

*(To be completed by recipient):*

Date this form is signed: _____, 2021

Sophia S. Kwan,  Attorney for Defendant
_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

► _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Galen T. Shimoda (SBN 226752) Justin P. Rodriguez (SBN 278275) Brittany V. Berzin (SBN 325121) Renald Konini (SBN 312080) · SHIMODA LAW CORP 9401 E. Stockton Blvd, Suite 120, Elk Grove, California 95624  TELEPHONE NO.: 916-525-0716   FAX NO.: 916-760-3733  ATTORNEY FOR *(Name):* Plaintiff Silvia Madrigal Vargas | **FILED/ENDORSED**  JAN 1 1 2021  By: K. Johnson  Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Sacramento
STREET ADDRESS: 720 Ninth Street
MAILING ADDRESS: 720 Ninth Street
CITY AND ZIP CODE: Sacramento 95814
BRANCH NAME: Civil Division

CASE NAME:
Madrigal Vargas v Mary Ann's Baking Co., Inc.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|---|
| ☑ **Unlimited** (Amount demanded exceeds $25,000) | ☐ **Limited** (Amount demanded is $25,000 or less) | ☐ **Counter** ☐ **Joinder**  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 34-2021-00292191  JUDGE:  DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. ☐ Large number of separately represented parties
b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. ☐ Substantial amount of documentary evidence
d. ☐ Large number of witnesses
e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* Eight
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 11, 2021
Galen T. Shimoda
_____
(TYPE OR PRINT NAME)
▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |
|---|---|---|

American LegalNet, Inc.
www.FormsWorkflow.com

FILED BY FAX

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED/ENDORSED**

JAN 1 2 2021

By: ___K. Johnson___
Deputy Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MARY ANN'S BAKING CO., INC., a California Corporation; and
DOES 1 to 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
SILVIA MADRIGAL VARGAS, individually and on behalf of all other
similarly situated employees,

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of Sacramento
720 Ninth Street
Sacramento, CA 95814

CASE NUMBER:
*(Número del Caso):* 2 0 2 1 - 0 0 2 9 2 1 9 1

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Galen T. Shimoda (SBN 226752) Justin Rodriguez (SBN 278275) Brittany V. Berzin (SBN 325121)
Renald Konini (SBN 312080) 9401 East Stockton Blvd, # 120, Elk Grove, California 95624 (916) 525-0716

DATE: JAN 1 2 2021
*(Fecha)*

Clerk, by _____, Deputy
*(Secretario)* K. JOHNSON *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

1   Galen T. Shimoda (Cal. State Bar No. 226752)
    Justin P. Rodriguez (Cal. State Bar No. 278275)
2   Brittany V. Berzin (Cal. State Bar No. 325121)
    Renald Konini (Cal. State Bar No. 312080)
3   Jessica L. Hart (Cal State Bar No. 331441)
    **Shimoda Law Corp.**
4   9401 East Stockton Boulevard, Suite 120
    Elk Grove, CA 95624
5   Telephone: (916) 525-0716
    Facsimile: (916) 760-3733
6
    Attorneys for Plaintiff SILVIA MADRIGAL VARGAS,
7   individually and on behalf of all other similarly situated employees

8

9                    **SUPERIOR COURT OF CALIFORNIA**

10                   **FOR THE COUNTY OF SACRAMENTO**

11  SILVIA MADRIGAL VARGAS, individually )   Case No.   34E2021-00292191
    and on behalf of all other similarly situated )
12  employees,                                )
                                              )   **CLASS ACTION**
13                                            )
            Plaintiff,                        )   **COMPLAINT FOR DAMAGES:**
14                                            )
       vs.                                    )
15                                            )   1.  **Failure to Pay Overtime Wages**
                                              )       **(Labor Code §§ 510, 1194)**
16  MARY ANN'S BAKING CO., INC., a            )   2.  **Failure to Pay Minimum Wages**
    California Corporation; and DOES 1 to 100, )       **(Labor Code § 1194)**
17  inclusive,                                )   3.  **Meal Period Violations**
                                              )       **(Labor Code §§ 512, 226.7)**
18          Defendants.                       )   4.  **Rest Period Violations**
                                              )       **(Labor Code §§ 226.7)**
19                                            )   5.  **Wage Statement Violations**
                                              )       **(Labor Code § 226)**
20                                            )   6.  **Waiting Time Penalties**
                                              )       **(Labor Code §§ 201-203)**
21                                            )   7.  **Failure to Reimburse Expenses**
                                              )       **(Labor Code § 2802)**
22                                            )   8.  **Unfair Competition (Business &**
                                              )       **Professions Code § 17200, *et seq.*)**
23                                            )
                                              )   **DEMAND FOR JURY TRIAL**
24                                            )
                                              )
25                                            )   **FILED BY FAX**
                                              )
26                                            )
                                              )
27                                            )

28

FILED/ENDORSED

JAN 1 1 2021

By: _____ K. Johnson
        Deputy Clerk

---

**CLASS ACTION COMPLAINT**

Plaintiff SILVIA MADRIGAL VARGAS ("Plaintiff"), on behalf of herself and all other similarly situated employees, hereby files this Complaint against Defendant MARY ANN'S BAKING CO. INC., a California Corporation; and DOES 1 to 100, inclusive (hereinafter all collectively referred to as "Defendant").  On information and belief, Plaintiff alleges the following:

## INTRODUCTION

1.     This is a class action lawsuit brought by Plaintiff for failure to pay overtime wages, failure to pay minimum wages, meal period violations, rest period violations, wage statement violations, waiting time penalties, unpaid reimbursements, and unfair competition.  Plaintiff will also submit a notice to the Labor and Workforce Development Agency of Plaintiff's intent to bring a Private Attorneys General Act ("PAGA") cause of action.  Plaintiff will amend this Complaint to include a PAGA cause of action once Plaintiff has exhausted administrative remedies.

## JURISDICTION AND VENUE

2.     The Sacramento County Superior Court has jurisdiction in this matter pursuant to California Code of Civil Procedure section 410.10 to determine alleged violations of the California Labor Code, California Business and Professions Code, and Wage Order No. 7.

3.     Venue is proper pursuant to Civil Procedure Code sections 395(a), and 395.5, in that Defendant resides in Sacramento County.  In addition, some of the wrongful acts and violations of law asserted herein occurred within Sacramento County, and Defendant's obligation to pay wages arose in Sacramento County.  *Madera Police Officers Assn. v. City of Madera,* 36 Cal.3d 403, 414 (1984).

## PARTIES

4.     SILVIA MADRIGAL VARGAS is an individual over the age of eighteen (18) and is a resident of the State of California.

5.     On information and belief, Plaintiff alleges MARY ANN'S BAKING CO., INC., is now and/or at all times mentioned in this Complaint was a California Corporation and the owner and operator of an industry, business and/or facility doing business in the State of California.

6.     Defendants DOES 1 through 100 are affiliates, subsidiaries, and related entities and the alter egos of each of the other Defendants named herein, corporate, or otherwise, who participated in and are liable for the actions herein alleged.  Plaintiff will seek to amend this Complaint to allege the

1

**CLASS ACTION COMPLAINT**

1    true names and capacities of these DOE Defendants when they are ascertained.  At all times mentioned

2    herein, each Defendant was the agent or employee of each of the other Defendant and was acting within

3    the course and scope of such agency or employment.  The Defendants are jointly and severally liable to

4    Plaintiff.

5           7.    At all times mentioned herein, each Defendant was the agent or employee of each of the

6    other Defendant and was acting within the course and scope of such agency or employment.  The

7    Defendants are jointly and severally liable to Plaintiff.

8           8.    Defendants, and each of them, are now and/or at all times mentioned in this Complaint

9    were members of and/or engaged in a joint employment, joint venture, partnership, and common

10   enterprise, and were acting within the course and scope of, and in pursuance of said joint employment,

11   joint venture, partnership, and common enterprise.

12          9.    Defendants, and each of them, now and/or at all times mentioned in this Complaint

13   approved, ratified, acquiesced, aided, or abetted the acts and omissions alleged in this Complaint.

14        10.    Defendant proximately caused Plaintiff to be subjected to the unlawful practices, wrongs,

15   complaints, injuries and/or damages alleged in this Complaint.

16   **CLASS ALLEGATIONS**

17        11.    Plaintiff brings the First through Eighth Causes of Action on behalf of herself and all

18   others similarly situated as a class action pursuant to California Code of Civil Procedure section 382.

19   The class which Plaintiff seeks to represent is composed of, and defined, as follows:

20             Plaintiff and similarly situated employees who have or continue to work
          for Defendant in California from four (4) years prior to the filing of this
21             Complaint to the present.

22        12.    This action has been brought and may be properly maintained as a class action,

23   pursuant to the provision of California Code of Civil Procedure section 382, because there is a well-

24   defined community of interests in the litigation and the proposed class is easily ascertainable.

25        (a)    Numerosity: The putative class is so numerous that the individual joinder of all members

26             is impracticable under the circumstances of this case.  While the exact number of class

27             members is unknown to Plaintiff at this time, Plaintiff is informed and believes that

28             Defendant has employed as many as one hundred and fifty (150) individuals falling

2

**CLASS ACTION COMPLAINT**

within the above stated class definition throughout the State of California during the applicable statute of limitations, who were subjected to the policies and practices outlined in this Complaint.  As such, joinder of all members of the putative class is not practicable.

(b)  Common Questions Predominate: Common questions of law and fact exist as to all members of the putative class and predominate over questions that affect only individual members of the class.  These common questions of law and fact include, without limitation, the following:

    i.  Whether Defendant paid putative class members for all hours worked;

    ii.  Whether Defendant paid all overtime wages owed;

    iii.  Whether Defendant failed to correctly calculate putative class members' regular rate of pay;

    iv.  Whether Defendant failed to provide legally mandated emergency sick leave under Families First Coronavirus Response Act: Emergency Paid Sick Leave Act ("EPSLA") to putative class members;

    v.  Whether Defendant maintained accurate payroll records;

    vi.  Whether Defendant failed to authorize and permit all meal and rest periods;

    vii.  Whether, as a result of Defendant's policies and practices, Plaintiff and putative class members received all wages, due and owing, at the time of their termination or separation; and

    viii.  Whether Defendant provided Plaintiff and putative class members with wage statements that complied with Labor Code section 226.

(c)  Typicality: Plaintiff's claims are typical of the claims of the members of the putative class.  The putative class also sustained damages arising out of Defendant's common course of conduct in violation of the law as complained of herein.  Additionally, Defendant issued Plaintiff and all members of the putative class wage statements that did not comply with Labor Code section 226.  As a result, Plaintiff and each member of the

1    putative class will have suffered the same type of harm and seek the same type of

2    recovery based on the same legal theories.

3    (d)    Adequacy: Plaintiff will fairly and adequately protect the interests of the members of the

4    putative class.  For all relevant times, Plaintiff resided in California and worked for

5    Defendant in California.  Moreover, Plaintiff is an adequate representative of the putative

6    class as Plaintiff has no interests that are adverse to those of putative class members.

7    Additionally, Plaintiff has retained counsel who has substantial experience in complex

8    civil litigation and wage and hour matters.

9    (e)    Superiority: A class action is superior to other available means for the fair and efficient

10    adjudication of the controversy since individual joinder of all members of the putative

11    class is impracticable.  Class action treatment will permit a larger number of similarly

12    situated persons to prosecute their common claims in a single forum simultaneously,

13    efficiently, and without the unnecessary duplication of effort and expense that numerous

14    individual actions would engender.  Further, as damages suffered by each individual

15    member of the class may be relatively small, the expenses and burden of the individual

16    litigation would make it difficult or impossible for individual members of the class to

17    redress the wrongs done to them, and an important public interest will be served by

18    addressing the matter as a class action.  The cost to the court system of adjudication of

19    such individualized litigation would be substantial.  Individualized litigation would also

20    present the potential for inconsistent or contradictory judgments.

21    13.    Plaintiff is unaware of any difficulties that are likely to be encountered in the

22    management of this action that would preclude its maintenance as a class action.

23    **GENERAL ALLEGATIONS**

24    14.    Plaintiff incorporates by reference and re-alleges paragraphs 1 through 13 as though fully

25    set forth herein.

26    15.    Plaintiff worked for Defendant in the sanitation department as a non-exempt employee

27    from approximately 2011 to approximately September 4, 2020, when she was terminated after reporting

28    various Covid-19 policy and protocol related violations to California and federal law enforcement.

Similarly situated employees also worked for Defendant as non-exempt employees.  Plaintiff and similarly situated employees regularly worked over eight (8) hours in a day and/or forty (40) hours in a week, incurring overtime, and were paid non-discretionary remuneration, such as bonuses.  Defendant did not correctly incorporate the value of the non-discretionary remuneration, such as bonuses, into Plaintiff's and similarly situated employees' regular rate of pay when calculating overtime, double time, meal and rest period premiums, or sick leave pay.

16.     In addition to improperly calculating the regular rate of pay, Defendant also had a policy and practice of failing to pay earned overtime when employees worked over eight (8) hours in a day.  For instance, on days when Plaintiff and similarly situated employees worked over eight (8) hours, Defendant would move the overtime hours from that day on to a separate day of the week where the employee either did not work, or worked less than eight (8) hours.  Shifting hours from one day to another allowed Defendant to avoid paying overtime for shifts upwards of eight (8) hours in a day.

17.     Plaintiff and similarly situated employees were also denied minimum wages for time worked during interrupted rest breaks and for time worked off-the-clock.  In addition to working during many rest breaks, Plaintiff regularly worked after her scheduled shift answering work related phone calls and inquiries from Defendant.  Plaintiff estimates that she spent 1-2 hours of time working off-the-clock each week.  Plaintiff is informed and believes that similarly situated employees also worked off-the-clock.  Plaintiff and similarly situated employees were not paid for this time.  Due to Defendant's wage violations, Defendant failed to maintain accurate records of the hours Plaintiff and similarly situated employees worked.

18.     Defendant also denied Plaintiff and similarly situated employees minimum wages/emergency sick leave pay by refusing to comply with the Families First Coronavirus Response Act: Emergency Paid Sick Leave Act ("EPSLA").  In situations where Defendant's employees, like Plaintiff, were ordered by their doctor to quarantine after being exposed to Covid-19, or contracted the Covid-19 virus, they were denied federally authorized, paid leave.  For instance, on July 20, 2020, when Plaintiff informed Human Resources representative, Kyle Stradleigh, that she was ordered to quarantine for fourteen (14) days by her doctor, she was denied mandatory EPSLA leave payments.  Plaintiff is

1    informed and believes that other similarly situated employees who were exposed to, or contracted

2    Covid-19, were similarly denied paid leave in compliance with EPSLA.

3         19.    Plaintiff and similarly situated employees were also not authorized and permitted to take

4    all meal and rest periods they were entitled to, being paid meal period premiums on occasions.  Plaintiff

5    and similarly situated employees were further denied all reimbursements owed for use of their personal

6    cell phones for work purposes.

7         20.    As a result of Defendant's failure to pay Plaintiff and similarly situated employees for all

8    hours worked, Defendant failed to provide all final wages owed to Plaintiff and similarly situated

9    employees within twenty-four (24) hours of their termination or seventy-two (72) hours of their

10   resignation.  In addition, Defendant failed to provide Plaintiff and similarly situated employees with

11   accurate wage statements.  The wage statements Defendant provided to Plaintiff and similarly situated

12   employees did not accurately state their total regular hours worked, gross wages and net wages, and all

13   deductions made.

**CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**
**FAILURE TO PAY OVERTIME WAGES**
**(As to all Defendant and DOES 1-100)**

17        21.    Plaintiff incorporates by reference and re-alleges paragraphs 1 through 20 as though fully

18   set forth herein.

19        22.    During the period Plaintiff was employed by Defendant, Defendant was required to

20   compensate Plaintiff at one and one-half (1½) times the regular rate of pay for hours worked in excess of

21   eight (8) hours per day and/or forty (40) hours per week, and two (2) times the regular rate of pay for

22   hours worked in excess of twelve (12) hours per day.  *See, e.g.*, IWC Wage Order No. 7, section (3)(A);

23   Cal. Lab. Code §§ 510, 1194.

24        23.    Plaintiff and similarly situated employees worked in excess of eight (8) hours per day

25   and/or forty (40) hours per week on several occasions while employed by Defendant.  However,

26   Defendant failed to compensate Plaintiff and similarly situated employees for all overtime hours worked

27   at their regular rate of pay.

28   //

1    24.    Plaintiff and similarly situated employees were not exempt from overtime protections

2  employees under the California Wage Orders and Labor Code.

3    25.    As a proximate result of Defendant's conduct, Plaintiff and similarly situated employees

4  have been damaged as stated in the section below entitled "DAMAGES," which is incorporated here to

5  the extent pertinent as if set forth here in full.

6                          **SECOND CAUSE OF ACTION**
                       **FAILURE TO PAY MINIMUM WAGES**
7                        **(As to Defendant and DOES 1-100)**

8    26.    Plaintiff incorporates by reference and re-alleges paragraphs 1 through 25 as though fully

9  set forth herein.

10    27.    For the period preceding the filing of this Complaint, Defendant was required to

11  compensate Plaintiff and similarly situated employees with at least California's applicable minimum for

12  every hour worked.  *See* MW-Order 2019; IWC Wage Order, No. 7, section 4(A); Cal. Lab. Code §

13  1194.

14    28.    Plaintiff was not exempt to the State's Minimum Wage Order.  Defendant was aware of

15  its obligation to pay the minimum wage for each hour worked but failed to do so.

16    29.    As a proximate result of Defendant's conduct, Plaintiff and similarly situated employees

17  have been damaged as stated in the section below entitled "DAMAGES," which is incorporated here to

18  the extent pertinent as if set forth here in full.

19                          **THIRD CAUSE OF ACTION**
                          **MEAL PERIOD VIOLATIONS**
20                       **(As to Defendant and DOES 1-100)**

21    30.    Plaintiff incorporates by reference and re-alleges paragraphs 1 through 29 as though fully

22  set forth herein.

23    31.    An employer must provide an employee a meal period in accordance with the

24  applicable Wage Order, and California Labor Code sections 226.7 and 512.

25    32.    California Labor Code sections 226.7 and 512 and IWC Wage Order No. 7, section

26  11(A) require an employer to provide an uninterrupted meal period of not less than thirty (30)

27  minutes for each work period of more than five (5) hours.

28

7
**CLASS ACTION COMPLAINT**

33.     California Labor Code section 512 and Wage Order No. 7 section 11(B) further provide that employers may not employ employees for a work period for more than ten (10) hours per day without providing the employee with a second meal period of at least thirty (30) minutes. However, if the total hours worked is no more than twelve (12) hours, the second meal period may be waived so long as there was no waiver as to the first meal period.  Employees are entitled to one (1) hour of pay at their regular rate of compensation for each meal period not provided.

34.     Defendant employed Plaintiff and similarly situated employees for periods of more than five (5) hours without providing meal breaks of at least thirty (30) minutes or a second meal period of at least thirty (30) minutes when Plaintiff and similarly situated employees worked more than ten (10) hours in a day.  Defendant also failed to allow Plaintiff and similarly situated employees to take their first meal period before the completion of their fifth hour of work and failed to allow Plaintiff and similarly situated employees to take their second meal period before the completion of their tenth hour of work.  Plaintiff and similarly situated employees did not waive their rights to all meal periods throughout their employment.

35.     Defendant further failed to pay Plaintiff and similarly situated employees the applicable meal period premiums for any such missed meal breaks.

36.     As a proximate result of Defendant's conduct, Plaintiff and similarly situated employees have been damaged as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth here in full.

**FOURTH CAUSE OF ACTION**
**REST PERIOD VIOLATIONS**
**(As to Defendant and DOES 1-100)**

37.     Plaintiff incorporates by reference and re-alleges paragraphs 1 through 36 as though fully set forth herein.

38.     An employer must provide an employee a rest period in accordance with the applicable Wage Order and California Labor Code section 226.7.

39.     California Labor Code section 226.7 and Wage Order No. 7, section 12(A) require an employer to provide a rest period of not less than ten (10) minutes for each work period of more than four (4) hours or a major fraction thereof.

40.     Plaintiff alleges that Defendant failed to authorize and permit Plaintiff and similarly situated employees to take paid rest periods of at least ten (10) minutes for each work period that they worked more than four (4) hours or a major fraction thereof.

41.     Defendant further failed to pay Plaintiff and similarly situated employees the applicable rest period premiums for any such missed rest periods.

42.     As a proximate result of Defendant's conduct, Plaintiff and similarly situated employees have been damaged as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth here in full.

**FIFTH CAUSE OF ACTION**
**WAGE STATEMENT VIOLATIONS**
**(As to Defendant and DOES 1-100)**

43.     Plaintiff incorporates by reference and re-alleges paragraphs 1 through 42 as though fully set forth herein.

44.     Pursuant to California Labor Code section 226(a), an employer must provide an itemized statement to an employee, semimonthly or at the time of each payment of wages, showing:

> *(1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.*

45.     Plaintiff alleges that Defendant intentionally and knowingly failed to provide an itemized statement or failed to provide an accurate and complete itemized statement showing the

9

**CLASS ACTION COMPLAINT**

1   requirements set forth in California Labor Code section 226(a).  Specifically, Defendant did not

2   accurately itemize all applicable hourly rates in effect during the pay period, all regular, overtime

3   and double time hours worked and corresponding rates of pay, and gross and net wages earned.  The

4   paystubs also did not accurately itemize Plaintiff's and similarly situated employees' total hours

5   worked due to Defendant's failure to properly pay minimum and overtime wages.  As a result,

6   Plaintiff and similarly situated employees were not able to promptly and easily determine their total

7   hours worked from their paystubs alone.  Additionally, Plaintiff and similarly situated employees

8   suffered confusion over whether they received all wages owed and were prevented from effectively

9   challenging information on their wage statements.

10        46.     As a proximate result of Defendant's conduct, Plaintiff and similarly situated

11   employees have been damaged as stated in the section below entitled "DAMAGES," which is

12   incorporated here to the extent pertinent as if set forth here in full.

13                          **SIXTH CAUSE OF ACTION**
                           **WAITING TIME PENALTIES**
14                         **(As to Defendant and DOES 1-100)**

15        47.     Plaintiff incorporates by reference and re-alleges paragraphs 1 through 46 as though fully

16   set forth herein.

17        48.     An employer must pay an employee who is terminated all unpaid wages immediately

18   upon termination.  *See* Cal. Lab. Code § 201.

19        49.     An employer must pay an employee who resigns all unpaid wages within seventy-two

20   (72) hours of their resignation.  *See* Cal. Lab. Code § 202.

21        50.     Plaintiff and similarly situated employees did not receive all wages, including minimum

22   and overtime wages, meal and rest period premiums, or all sick leave pay owed at their termination or

23   within the required time after their separation from employment.

24        51.     An employer who willfully fails to pay an employee wages in accordance with California

25   Labor Code sections 201 and/or 202 must pay the employee a waiting time penalty of up to thirty (30)

26   days.  *See* Cal. Lab. Code § 203.

27        52.     Defendant knew of its obligation to pay Plaintiff's and similarly situated employees' their

28   final wages when their employment terminated.  Indeed, Defendant had knowledge that Plaintiff and

10
**CLASS ACTION COMPLAINT**

1  similarly situated employees were not paid for all regular and overtime hours, as it authorized the
2  practices and policies denying these wages. Such conduct shows Defendant had knowledge of earned,
3  but unpaid wages at the time of separation, yet Defendant still refused to pay the remaining wages owed.

4      53.    As a proximate result of Defendant's conduct, Plaintiff and similarly situated employees
5  have been damaged and deprived of their wages and thereby seek their daily rate of pay multiplied by
6  thirty (30) days for Defendant' failure to pay all wages due.

**SEVENTH CAUSE OF ACTION**
**FAILURE TO REIMBURSE EXPENSES**
**(As to all Defendant)**

    54.    Plaintiff incorporates by reference and re-alleges paragraphs 1 through 53 as though fully
set forth herein.

    55.    California Labor Code section 2802(a) states that "An employer shall indemnify his or
her employee for all necessary expenditures or losses incurred by the employee in direct consequence of
the discharge of his or her duties, or of his or her obedience to the directions of the employer, even
though unlawful, unless the employee, at the time of obeying the directions, believed them to be
unlawful."

    56.    Defendant required Plaintiff and similarly situated employees to use their personal phone
for work purposes both while they were at, and away from, the worksite but failed to reimburse them for
such use.

    57.    As a proximate result of Defendant's conduct, Plaintiff and similarly situated employees
have been damaged as stated in the section below entitled "DAMAGES," which is incorporated here to
the extent pertinent as if set forth here in full.

**EIGHTH CAUSE OF ACTION**
**UNFAIR COMPETITION**
**(As to Defendant and DOES 1 to 100)**

    58.    Plaintiff incorporates by reference and re-alleges paragraphs 1 through 57 as though fully
set forth herein.

    59.    Unfair competition shall mean and include any unlawful, unfair, or fraudulent business
act or practice and unfair, deceptive, untrue, or misleading advertising and any act prohibited by Chapter

11

**CLASS ACTION COMPLAINT**

1    1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code. *See*

2    California Business and Professions ("B&P") Code § 17200.

3         60.    Plaintiff and similarly situated employees were not paid all wages owed, including

4    minimum and overtime wages, meal and rest period premiums, paid sick leave, reimbursement for

5    business expenses, and emergency sick wages pursuant to EPSLA[1] during their employment or any

6    time thereafter.

7         61.    Plaintiff further alleges that such actions and/or conduct constitute a violation of the

8    California Unfair Competition Law ("UCL") (Business and Professions Code 17200 *et seq.*) pursuant to

9    *Cortez v. Purolator Air Filtration Products Co.*, 23 Cal. 4th 163 (2000).

10        62.    As a direct and legal result of the Defendant's conduct, as alleged herein, pursuant to the

11   UCL (including B&P Code §17203), Plaintiff and similarly situated employees are entitled to

12   restitution, including, but not limited to, interest and penalties pursuant to Business & Professions Code

13   sections 17203, 17208, violations of California Labor Code sections 226.7, 510, 512, 1194, 2802, and 29

14   U.S.C. sections 206, 216 and 217 all in an amount as yet unascertained but subject to proof at trial, for

15   four (4) years from the filing of this Action.

16                                                **DAMAGES**

17   WHEREFORE Plaintiff requests relief as follows:

18        1.    A jury trial;

19        2.    As to the First Cause of Action:

20             a.    Wages in an amount to be proven at trial;

21             b.    Interest for the wages due pursuant to California Labor Code section 1194;

22             c.    For reasonable attorney's fees and costs incurred pursuant to California Labor

23                 Code section 1194;

24   [1] Pursuant to federal law, violations of EPSLA constitute a violation of Section 6 of the Fair Labor
25   Standard Act ("FLSA"), 29 U.S.C. § 206. *See* 29 C.F.R. § 826.150 (b)(1). Violations of the FLSA,
     serve as a proper basis for a claim under Business & Professions Code section 17200, *et seq*, under
26   California law and is not preempted by federal class action rules. *See Harris v. Investor's Bus. Daily,*
     *Inc.,* 138 Cal.App.4th 28, 36 (2006).

27

28

3.   <u>As to the Second Cause of Action:</u>

    a.   Wages in an amount to be proven at trial;

    b.   Interest for the wages due pursuant to California Labor Code section 1194;

    c.   For reasonable attorney's fees and costs incurred pursuant to California Labor Code section 1194;

    d.   Liquidated damages pursuant to California Labor Code section 1194.2;

4.   <u>As to the Third Cause of Action:</u>

    a.   Wages in an amount to be proven at trial;

    b.   Attorney's fees, costs and interest pursuant to California Code of Civil Procedure section 1021.5;

5.   <u>As to the Fourth Cause of Action:</u>

    a.   Wages in an amount to be proven at trial;

    b.   Attorney's fees, costs and interest pursuant to California Code of Civil Procedure section 1021.5;

6.   <u>As to the Fifth Cause of Action:</u>

    a.   Penalties as provided for in Labor Code section 226, including the greater of all actual damages or fifty dollars ($50.00) for the initial pay period in which the violation occurred and one hundred dollars ($100.00) per employee for each violation in the subsequent pay periods, but not to exceed four thousand dollars ($4,000.00);

    b.   For reasonable attorney's fees and costs incurred pursuant to Labor Code section 226(e);

7.   <u>As to the Seventh Cause of Action:</u>

    a.   An amount to be proven at trial;

    b.   For attorney's fees, interest, and costs pursuant to Labor Code section 2802(c);

8.   For such other and further relief as this Court may deem just and proper, including, but not limited to:

    a.   Wages as proved at trial;

b.   Injunctive and Declaratory relief;

c.   Attorney's fees and costs as provided for by law; and

d.   Interest.

Dated: January 11, 2021                                  **Shimoda Law Corp.**

By: _____
                                                 Galen T. Shimoda
                                                 Justin P. Rodriguez
                                                 Brittany V. Berzin
                                                 Renald Konini
                                                 Jessica L. Hart
                                                 Attorneys for Plaintiff

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SACRAMENTO
### SACRAMENTO, CALIFORNIA, 95814
### 916-874-5522
### WWW.SACCOURT.CA.GOV

## ALTERNATIVE DISPUTE RESOLUTION
## INFORMATION PACKAGE

Recognizing that many civil disputes can be resolved without the time and expense of traditional civil litigation, the Superior Court of California, County of Sacramento (Sacramento County Superior Court), strongly encourages parties in civil cases to explore and pursue the use of Alternative Dispute Resolution.

**What is Alternative Dispute Resolution?**

Alternative Dispute Resolution (ADR) is the general term applied to a wide variety of dispute resolution processes which are alternatives to lawsuits. Types of ADR processes include:

- Arbitration
- Mediation
- Settlement Conferences

- Private judging
- Neutral evaluation

- Mini-trials
- Negotiation and *hybrids* of these processes

All ADR processes offer a partial or complete alternative to traditional court litigation for resolving disputes. At the present time, the Sacramento County Superior Court offers Mediation and Arbitration.

**What are the advantages of using ADR?**

ADR can have a number of advantages over traditional court litigation.

* **ADR can save time.**  Even in a complex case, a dispute can be resolved through ADR in a matter of months or weeks, while a lawsuit can take years.

* **ADR can save money.**  By producing earlier settlements, ADR can save parties and courts money that might otherwise be spent on litigation costs (attorneys fees and court expenses.)

* **ADR provides more participation.**  Parties have more opportunity with ADR to express their own interests and concerns, while litigation focuses exclusively on the parties' legal rights and responsibilities.

* **ADR provides more control and flexibility.**  Parties can choose the ADR process most appropriate for their particular situation and that will best serve their particular needs.

* **ADR can reduce stress and provide greater satisfaction.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere found in litigation. Surveys of disputants who have gone through ADR have found that satisfaction with ADR is generally high, especially among those with extensive ADR experience.

**Arbitration and Mediation**

Although there are many different types of ADR processes, the types most commonly used to resolve disputes in California state courts are Arbitration and Mediation. The Sacramento County Superior Court currently offers pre-screened panelists with experience and training in each of the following areas.

**Arbitration.**  An Arbitrator hears evidence presented by the parties, makes legal rulings, determines facts and makes an Arbitration award. Arbitration awards may be entered as judgments in accordance with the agreement of the parties or, where there is no agreement, in accordance with California statutes. Arbitration can be binding if the parties so agree in writing.  If there is no such agreement, either party can reject the Arbitration award and request a trial.


**Mediation.**  Mediation is a voluntary, informal, confidential process in which the Mediator, a neutral third party, facilitates settlement negotiations. The Mediator improves communication by and among the parties, helps parties clarify facts, identify legal issues, explore options and arrive at a mutually acceptable resolution of the dispute.

Litigants are encouraged to use an ADR process as early in the case as circumstances permit. All appropriate cases will be reviewed for referral to ADR at the Case Management Conference(CMC).

### ADR Procedures for the Sacramento County Superior Court

Upon filing a complaint or cross-complaint, the plaintiff/cross-complainant must acquire this information package from the Court's Website, http://www.saccourt.ca.gov, or the Superior Court Clerk. Plaintiff is required to include the ADR Information Package when he or she serves the Complaint on the Defendant.

The court's ADR Panel List is available on-line at http://www.saccourt.ca.gov or may be obtained at the Civil Filing Counter at the Gordon D. Schaber Sacramento County Courthouse, 720 Ninth Street, Room 101, Sacramento, CA 95814.

**Mediation**.

All parties to the dispute may voluntarily agree to submit the case to a neutral Mediator, either through a court-appointment or through a private arrangement.  The parties may choose either of the following Mediation choices:

> **Private Mediation**.  Parties to a civil action agree to mediate their dispute with a Mediator of their choice without court assistance.  The cost of Mediation must be borne by the parties equally unless the parties agree otherwise.  Parties will be charged an amount as set by the Mediator (refer to the ADR Panel List for current rates).

> **Court Mediation**.  Upon stipulation of the parties, a Mediator and alternate Mediator will be selected from the court-approved list of neutrals (ADR Panel List). The court will confirm the selected Mediator and notice parties by mail.

> The Mediator is then responsible for contacting the parties to confirm a date, time, and place for Mediation.  Mediators on the court's approved ADR Panel List have agreed to provide up to three (3) hours of pro-bono Mediation.  In the event the Mediation extends beyond 3 hours and parties determine it would be beneficial to continue the Mediation process; the parties will independently be responsible for compensating the Mediator in an amount as set by the Mediator.

*UNLIMITED CIVIL CASES*
- A *Stipulation and Order to Mediation – Unlimited Civil Cases,* Form CV\E-MED-179 *(see attached)* may be filed with the court at any time up to 15 calendar days prior to the Case Management Conference.

- If the parties do not stipulate to Mediation prior to their CMC, they may indicate their willingness to stipulate to Mediation at the CMC.  In that event, parties must submit a *Stipulation and Order to Mediation – Unlimited Civil Cases* within 14 calendar days after their CMC.

- A *Mediation Statement* must be filed with the *Case Management Statement*.

LIMITED CIVIL CASES
- Parties may select and conduct voluntary Private Mediation without notification to the Court.

- Parties may stipulate to court mediation by filing a Stipulation and Order to Arbitration/Mediation - Limited Civil Cases form (CV\E-203) at any time after the filing of the Limited Civil Case Status Memorandum form (CV\E-202). This form is located on the court's website at http://www.saccourt.ca.gov. A Stipulation and Order to Arbitration/Mediation – Limited Civil Cases MUST be filed concurrently or subsequent to a Limited Civil Case Status Memorandum.



**Arbitration**

*UNLIMITED CIVIL CASES*

- Plaintiff may elect, the parties may stipulate, or the judge may Order the case to Arbitration. Parties will be asked to select an Arbitrator and three alternate Arbitrators from the court's ADR Panel List. The court will send a Notice of Appointment and an appropriate Order to Arbitration to all parties.

- Arbitrations are conducted pursuant to California Rules of Court, rules 3.810 through 3.830, and Local Rules Chapter 2, Part 5. Unless otherwise stipulated, an Award of Arbitrator is not binding upon the parties provided that they file a timely Request for Trial De Novo pursuant to California Rules of Court, rule 3.826. Upon the filing of a timely Request for Trial De Novo, the case will proceed to a Trial-Setting Conference. If no timely Request for Trial De Novo is filed, judgment based upon the Award of Arbitrator will be entered pursuant to California Rules of Court, rule 3.827.

LIMITED CIVIL CASES

Arbitration may occur in a limited civil case under the following circumstances:

- When all parties stipulate to arbitration pursuant to Code of Civil Procedure section 1141.12. A stipulation for arbitration shall be filed using the Court's local form, Stipulation and Order to Arbitration/Mediation – Limited Civil Cases form (CV\E-203). A Stipulation and Order to Arbitration/Mediation – Limited Civil case MUST be filed concurrently or subsequent to a Limited Civil Case Status Memorandum form (CV\E-202).

- When plaintiff elects to refer the case to judicial arbitration. A written election by the plaintiff to submit an action or proceeding to arbitration shall be filed using the Court's local form, Limited Civil Case Status Memorandum form (CV\E-202).

**Additional Information**

For additional information regarding the Court's ADR program, please go to the Court's website
http://www.saccourt.ca.gov.



## SUPERIOR COURT OF CALIFORNIA
### County of Sacramento
**720 Ninth Street**
**Sacramento, CA  95814-1380**
**(916) 874-5522—Website www.saccourt.ca.gov**

## Program Case Notice
### Unlimited Civil Case

The Case Management Program (CMP) requires the following timelines to be met in all cases except those that are excluded by California Rule of Court 3.712(b), (c) and (d) and Local Rule 2.46(B), (E) and (F).

| Action | Requirement |
|---|---|
| **Service of Summons** | Summons, complaint and program case notice must be served on all named defendants and proofs of service on those defendants must be filed with the court within **60 days** from the filing of the complaint. |
| | When the complaint is amended to add a new defendant, the added defendant must be served and proofs of service must be filed within **30 days** after the filing of the amended complaint. |
| | A cross-complaint adding a new party must be served and proofs of service must be filed with the court **30 days** from the filing of the cross-complaint. |
| **Statement of Damages** | If a statement of damages pursuant to Section 425.11 of the Code of Civil Procedure or a statement of punitive damages is required, it must be served with the summons and complaint. |
| **Responsive Pleadings** | If a responsive pleading is not served within the time limits and no extension of time has been granted, the plaintiff within **10 days** after the time for service has elapsed must file a request for entry of default. |
| | Parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint. |
| | No extensions of time to respond beyond **105 days** from the filing of the complaint may be given. |
| **Judgment by Default** | When default is entered, the party who requested the entry of default must apply for a default judgment against the defaulting party within **45 days** after entry of default, unless the court has granted an extension of time. |
| **Case Management Statement** | The court will provide a notice of case management conference on the filing parties at the time that the case is filed with the court.  A case management statement shall be filed at least **15 calendar days** prior to the date set for the case management conference. |
| **Mediation Statement** | The Mediation Statement shall be filed concurrently with the Case Management Statement, unless the parties have filed a Stipulation for Alternative Dispute Resolution form with the ADR Administrator at any time up to 15 calendar days prior to the Case Management Conference, as required by Local Rule 2.51(E). |
| **Meet and Confer** | Parties must meet and confer, in person or by telephone as required in California Rules of Court 3.724 at least **30 calendar days** before the case management conference date. |
| **Case Management Conference** | A case management conference is generally held within **180 days** of the filing of the complaint. |

Failure to comply with the program rules may result in the imposition of sanctions or an order to show cause. Please refer to Local Rules Chapter Two – Part 4 for more information.

### NOTE: THIS NOTICE MUST BE SERVED WITH THE SUMMONS AND COMPLAINT.